IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES J. MANNING, JR. and
SARAH MANNING, individually and
as next friends of their children,
CHARLES J. MANNING, II and
VANESSA A. MANNING,

    Plaintiffs,

v.                                Civil Action No. 5:02CV71
                                              (STAMP)
PFIZER, INC., successor by merger
of Parke-Davis, a division of
Warner-Lambert Company,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE KAULL AND
DENYING PLAINTIFFS' POST-JUDGMENT MOTIONS**

I.  Procedural History

On June 5, 2002, the plaintiffs filed the above-styled civil action in this Court alleging that the defendant created and utilized a marketing scheme designed to influence physicians to prescribe the drug Neurontin for "off-label" uses.[1] On December 30, 2004, this Court entered a memorandum opinion and order granting the defendant's motion for summary judgment. On that same date, the Clerk entered judgment for the defendant in this action. On January 10, 2005, the plaintiffs filed the following post-judgment motions: (1) a Motion for Sanctions Pursuant to Rules

---

[1] An "off label" use occurs when a doctor prescribes a drug for a condition that is not contained on the Food and Drug Administration's approved label.

54(d)(2) and 37(a)(4); (2) a Motion for Attorney's Fees; (3) a Motion for Amended or Additional Findings Pursuant to Rule 52(b); and (4) a Motion to Alter or Amend Judgment Pursuant to Rule 59(e). The defendant responded to these motions and the plaintiffs replied.

On May 19, 2005, this Court referred these post-judgment motions to Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). On August 11, 2005, Magistrate Judge Kaull held a hearing to address these motions. On August 24, 2005, Magistrate Judge Kaull entered his report and recommendation. The magistrate judge found that sanctions were not appropriate because there was insufficient evidence to conclude by a preponderance of the evidence that the defendant and defendant's counsel abused the discovery process and further, that the plaintiffs' counsel failed to provide sufficient evidence of reasonable attorney's fees. The magistrate judge recommended that the plaintiffs' post-judgment motions be denied. In his report and recommendation, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The plaintiffs filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety and that, for the reasons set forth below, the plaintiffs' post-judgment motions should be DENIED.

## II. Facts

The plaintiffs' post-judgment motions arise from one operative set of facts. Prior to the close of discovery in this case, this Court referred certain discovery disputes to Magistrate Judge James E. Seibert. In resolving these disputes, Magistrate Judge Seibert concluded that Pfizer's behavior during discovery was sanctionable and gave Pfizer a notice of opportunity to be heard. Before this matter was addressed further, Magistrate Judge Seibert recused himself from the case due to certain conflicts of interest that had become apparent. After his recusal, the issue of sanctions was not addressed further until the plaintiffs filed their post-judgment motions.

3

The plaintiffs now seek sanctions in the form of attorney's fees for the efforts made by plaintiffs' counsel during discovery which were allegedly the result of Pfizer's misconduct. Pfizer counters that each of the plaintiffs' motions is procedurally improper with the exception of the motion for attorney's fees pursuant to Rule 37(a)(4). Further, Pfizer argues that the plaintiffs did not prevail in their motions to compel because these motions were granted in part and denied in part. Therefore, Pfizer claims that the plaintiffs are only entitled to an apportionment of expenses. Moreover, Pfizer claims that Magistrate Judge Seibert's disqualification renders the various orders he entered before recusal void, and, consequently, this Court will have to conduct a <u>de novo</u> review of the discovery disputes in this case. Pfizer also claims that it is entitled to costs associated with certain discovery motions as well. Finally, Pfizer contends that the plaintiffs' motion under Rule 37 fails on the merits because defendant acted in good faith during the discovery process and did not violate the Federal Rules of Civil Procedure.

### III. <u>Applicable Law</u>

Federal Rule of Civil Procedure 54 permits a party to file claims for attorney's fees and related nontaxable expenses "unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed. R. Civ. P. 54(d)(2)(A). Rule 54 requires a court to find the facts

4

and state its conclusions of law with respect to such liability. Fed. R. Civ. P. 54(d)(2)(C).

Federal Rule of Civil Procedure 37(a)(4) states that if a motion to compel discovery is granted,

> the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

Federal Rule of Civil Procedure 52(b) states: "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings -- or make additional findings -- and may amend the judgment accordingly."

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

### III. Discussion

The plaintiffs make the following objections to Magistrate Judge Kaull's report and recommendation: (1) the findings of the magistrate judge that plaintiffs waived any claim they have for costs, fees or sanctions arising from their motions to compel filed February 23, 2004 and April 20, 2004; (2) the findings of the

5

magistrate judge that there is insufficient evidence to conclude by a preponderance that defendant and/or defendant's counsel abused the discovery process; and (3) that granting Pfizer's motion for summary judgment did not remove the issue of sanctions, including attorney's fees and expenses, against Pfizer. Thus, the plaintiffs object that the magistrate judge's report and recommendation should be overruled in part to award the plaintiffs attorney's fees and costs.

A. <u>Plaintiffs' Motion for Sanctions Pursuant to Rules 54(d)(2)(B) and 37(a)(4)</u>

Plaintiffs argue for sanctions under Fed. R. Civ. P. 54(d)(2)(B) and 37(a)(4). Plaintiffs argue that there should have been a hearing to provide sanctions pursuant to Rule 37(a)(4). Plaintiffs then further assert that Rule 54(d)(2)(B) allows fourteen days after the granting of summary judgment to file a motion for fees, costs and sanctions.

1. <u>Federal Rule of Civil Procedure 37(a)(4)</u>

The plaintiffs filed three motions to compel on February 23, 2004, April 20, 2004, and May 20, 2004, respectively. The three decisions were all granted in part and denied in part, within the meaning of Fed. R. Civ. P. 37(a)(4)(C).[2] Federal Rule of Civil Procedure 37(a)(4)(C) states that the court "may . . . apportion

---

[2] The fourth motion for order compelling discovery was filed on December 9, 2004. The motion was denied, thus, not triggering any attorney's fees for the party filing the motion.

the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." The word "may" in a statute affords the court discretion and does not mandate that the court order sanctions on the party whose conducted necessitated the motion. Thus, plaintiffs' motion for sanctions pursuant to Rules 54(d)(2)(B) and 37(a)(4) relied on Rule 37(a)(4)(A) in their request for mandatory sanctions. Mandatory sanctions are provided under Rule 37(a)(4)(A) when a motion is granted. In this case, three of the motions were granted in part and denied in part and the fourth motion was denied. Thus, the Court has discretion to apportion costs, fees and expenses incurred in relation to filing of the motion to compel. The Court never granted any fees, expenses or costs in regard to discovery, even though it heard evidence from the plaintiffs through an affidavit filed July 6, 2004, and an explanation as to how the attorney arrived at his claim for fees. (Report and Recommendation 24.)

The plaintiffs object to the report and recommendation that there is insufficient evidence to conclude that defendant abused the discovery process. Magistrate Judge Seibert reviewed the record and had a hearing on June 15, 2004 regarding the plaintiffs' third motion to compel and to discuss any abuse of the discovery process. Magistrate Judge Seibert was given evidence regarding the plaintiffs' reasonable fees and expenses caused by the defendant's conduct.

7

Magistrate Judge Seibert found that there was insufficient evidence on what fees were associated with the plaintiffs' third motion to compel.[3] Further, the plaintiffs failed to indicate a reasonable fee for the services associated with this motion. The plaintiffs also explained that they gave no consideration to what a reasonable hourly rate for an attorney of counsel's skill level would be in the area of Wheeling, West Virginia. (Report and Recommendation 24.) Magistrate Judge Seibert did not allow sanctions associated with plaintiffs' third motion to compel.[4]

After review, this Court agrees with Magistrate Judge Kaull that the plaintiffs failed to provide a showing of a reasonable amount for fees and expenses associated with the third motion to compel. In the present case, the plaintiffs were unable to formulate reasonable expenses with regard to their discovery procedures and motions. This Court agrees with Magistrate Judge Kaull that it should not award attorney's fees due to the insufficient evidence that plaintiffs provided regarding defendant's abuse of the discovery process.[5]

---

[3] Docket Number 137, Order dated June 25, 2004.

[4] Magistrate Judge Seibert recused himself October 4, 2004. The final hearing regarding attorney's fees and sanctions occurred on August 17, 2005 before Magistrate Judge Kaull. In this hearing, plaintiffs failed to offer any new evidence and the matter was submitted on the previously filed affidavit and plaintiffs' explanation of expenses.

[5] The trial judge has broad discretion to impose sanctions on a party. In the present case, the magistrate judge determined that

Further, the plaintiffs object to Magistrate Judge Kaull's conclusion that they waived their right to claim costs, fees or sanctions arising from their motions to compel, filed on February 23, 2004 and April 20, 2004.

Magistrate Judge Kaull concluded that the parties waived their right to assert a claim for sanctions pursuant to Fed. R. Civ. P. 37(a)(4) because they did not appeal or object to any of the orders regarding the motions to compel. The plaintiffs did not object or appeal any of the orders regarding the four motions to compel, filed on February 23, 2004, April 20, 2004, May 20, 2004, and December 9, 2004. Magistrate Judge Kaull held a hearing on December 23, 2004 regarding plaintiffs' motion for order removing confidentiality of defendant's produced documents,[6] which produced an order dated January 3, 2005. The order denied plaintiffs' motion and provided no reservation for the plaintiffs to assert any claim for attorney's fees. The plaintiffs never appealed or objected to this order within the ten-day period provided by Fed. R. Civ. P. 72(a). Thus, Magistrate Judge Kaull concluded that the

---

the defendant was not resisting discovery or acting in flagrant bad faith, which could warrant the imposition of sanctions. While this Court believes that the issue is a close one, this Court, upon de novo review, believes that the magistrate judge was correct. Further, the plaintiffs did not provide a fair and accurate representation of expenses for the discovery and third motion to compel.

[6] This was Docket Entry 239 and was filed after the four motions to compel. On December 30, 2004, this Court granted defendant's motion for summary judgment.

plaintiffs waived any right they had, when they did not assert their right within ten days following the order.

After review, this Court agrees with Magistrate Judge Kaull that the plaintiffs waived their claim for fees, costs or sanctions by failing to file objections to any of the orders in connection with the four motions to compel and the motion for order removing confidentiality of defendant's produced documents, within ten days of Magistrate Judge Seibert's January 3, 2005 order. The December 30, 2004 order granted defendant's summary judgment. Afterwards, the court issued its final order on January 3, 2005, regarding the issue of production of documents. Thus, the plaintiffs' objection that there was no hearing on the reasonable expenses is incorrect. As discussed above, the plaintiffs submitted an affidavit as to their fees associated with the third motion to compel and discussed orally how they calculated their expenses.[7] This Court declined to award sanctions in every order relating to document productions.

The plaintiffs failed to object to all of the orders regarding the four motions to compel discovery, dated April 1, 2004, June 2, 2004, June 25, 2004, and January 3, 2005. The motions regarding the production of documents were nondispositive matters governed by Fed. R. Civ. P. 72(a). According to Fed. R. Civ. P. 72(a), the magistrate judge enters an order on a nondispositive matter and

---

[7] The plaintiffs also had a hearing on August 17, 2005, regarding plaintiffs' post-judgment motions.

within ten days after being served with the order the parties may file objections.  Rule 72(a) specifically states that after the ten-day objection period, "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."  In this case, the plaintiffs did not appeal or object to any of the above-mentioned orders signed by Magistrate Judge Seibert or Magistrate Judge Kaull regarding the four motions.  The matter regarding fees, costs or sanctions was considered and denied, without an objection or appeal.  Thus, the plaintiffs waived their claim to costs, fees, or sanctions when they failed to appeal or object to the April 1, 2004, June 2, 2004, June 25, 2004, and January 3, 2005 orders regarding this issue.

    2.   <u>Federal Rule of Civil Procedure 54(d)(2)(B)</u>

Magistrate Judge Kaull concluded that Fed. R. Civ. P. 54(d)(2)(B), when read in the whole context of Rule 54, only provides relief to parties seeking to amend a judgment.

The plaintiffs argue that granting summary judgment for the defendant does not dissolve the issue of sanctions against the defendant, according to Fed. R. Civ. P. 54(d)(2)(B).  The plaintiffs assert that Rule 54(d)(2)(B) allows a motion to be filed no later than fourteen days after the entry of judgment, thus, allowing them to file for sanctions under the rule.  The plaintiffs claim that sanctions should be granted because the defendant misrepresented that, in the ordinary course of business, the

requested materials were kept in boxes in Ann Arbor, Michigan, and New York City.

After review, this Court agrees with Magistrate Judge Kaull that Fed. R. Civ. P. 54(d)(2)(B) is unavailing to the plaintiffs' claim for fees and expenses as sanctions for the vexatious conduct of the defendant.  According to Fed. R. Civ. P. 54(d)(2)(E), the subparagraphs of the Rule 54(d)(2)(A) through (D) "do not apply to claims for fees and expenses as sanctions for violations of these rules or under 28 U.S.C. § 1927."  Thus, the plaintiffs' attempt to use Rule 54 for sanctions is futile.

B.   <u>Plaintiffs' Motion for Amended or Additional Findings Pursuant to Rule 52(b)</u>

Magistrate Judge Kaull concluded that Fed. R. Civ. P. 52(b) provides an avenue for litigants to modify the substance of a judgment order; it does not provide relief for procedural issues that arose in the discovery and pretrial process.

After review, this Court agrees with the magistrate judge that the plaintiffs' motion for amended or additional findings for sanctions and attorney fees pursuant to Rule 52(b) is unavailing to the plaintiffs' claim for attorney's fees and expenses during the discovery process.

C.  Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e)

Magistrate Judge Kaull correctly denied plaintiffs' motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). The plaintiffs argue that according to Fed. R. Civ. P. 59(e), the order granting summary judgement for the defendant should be amended to award the plaintiffs attorney's fees and expenses.

Magistrate Judge Kaull correctly stated in the report and recommendation that Fed. R. Civ. P. 59(e) only pertains to modification of the substance of the judgment order. See Boaz v. Mutual Life Ins. Co. of New York, 146 F.2d 321 (8th Cir. 1944). Rule 59(e) does not pertain to the procedural matters that occurred between the parties in the discovery and pretrial process. Thus, Rule 59(e) will not provide the plaintiffs with the ability to amend the order for summary judgment to include sanctions from discovery procedures.

IV.  Conclusion

Because, after a de novo review, this Court concludes that Magistrate Judge Kaull's recommendation is proper and the plaintiffs' objections to the report and recommendation lack merit, and because the remaining findings are not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, for the reasons stated above, the plaintiffs' motion for sanctions of attorney's

13

fees and expenses pursuant to Fed. R. Civ. P. 54(d)(2)(B) and Fed. R. Civ. P. 37(a)(4) is hereby DENIED, plaintiffs' motion to alter or amend judgment for sanctions and attorney's fees pursuant to Fed. R. Civ. P. 59(e) is hereby DENIED and plaintiffs' motion for amended or additional findings for sanctions and attorney's fees pursuant to Fed. R. Civ. P. 52(b) is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein.

DATED: September 27, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE